IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LEONARDO JOHNSON, # 256042,       )
                                  )
              Petitioner,          )
                                  )
      v.                           )        Civil Action No. 3:13cv430-WHA
                                  )                  (WO)
CHERYL PRICE, *et al.*,            )
                                  )
              Respondents.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Leonardo Johnson ("Johnson").  After careful review, the

court finds that Johnson is not entitled to habeas relief and that his petition should be denied

without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2254 Cases in United*

*States District Courts*.

**I.  BACKGROUND**

On April 5, 2010, after a bench trial in the Lee County Circuit Court, the trial court

found Johnson guilty of trafficking in cocaine, in violation of § 13A-12-231(2), Ala. Code

1975.  On June 3, 2010, the trial court sentenced Johnson as a habitual offender to life

imprisonment.  Johnson appealed, and on February 18, 2011, by unpublished memorandum

opinion, the Alabama Court of Criminal Appeals affirmed his conviction and sentence.  *See*

*Pet'r Ex. B* at 1; *Resp'ts Ex. C* at 30; *Doc. No. 1* at 2.  Johnson did not apply for rehearing,

and on March 9, 2011, the Alabama Court of Criminal Appeals issued a certificate of

judgment. *Resp'ts Ex. D*.

On August 4, 2011, proceeding *pro se*, Johnson filed a petition for post-conviction relief under Ala.R.Crim.P. 32 with the trial court, asserting a claim that his trial counsel was ineffective for failing to object to the chain of custody of the cocaine that formed the basis of his conviction. *See Respt's Ex. C* at 12-20. On May 5, 2012, the trial court entered an order denying the Rule 32 petition. *Id*. at 28-29. Johnson appealed to the Alabama Court of Criminal Appeals, reasserting the claim in his Rule 32 petition. On September 14, 2012, by unpublished memorandum opinion, the appellate court affirmed the trial court's judgment denying Johnson's Rule 32 petition. *Resp'ts Ex. F*. Specifically, the appellate court found that (1) the State presented sufficient evidence at trial to establish a proper chain of custody, (2) at most, there were only weak (and not "missing") links in the chain of custody, and (3) because the State lay a proper chain of custody, Johnson's trial counsel could not have been ineffective for failing to assert a challenge to the chain of custody. *Id*. at 6-7.

On October 26, 2012,[1] Johnson filed a *pro se* application for rehearing, which was overruled by the Alabama Court of Criminal Appeals on November 16, 2012. *Resp'ts Exs. G & H*. Johnson filed no petition for certiorari review with the Alabama Supreme Court. On December 5, 2012, the Alabama Court of Criminal Appeals issued a certificate of judgment. *Resp'ts Ex. I*.

On June 19, 2013, Johnson, through counsel, filed this petition for writ of habeas

---

[1] The Alabama Court of Criminal Appeals granted Johnson an enlargement of time to file his application for rehearing. *See Pet'r Ex. L* at 2.

corpus under 28 U.S.C. § 2254, reasserting his claim that his trial counsel was ineffective for failing to object to the chain of custody of the cocaine that formed the basis of his conviction. *See Doc. Nos. 1 & 2.*

The respondents answer that Johnson's claim is unexhausted and procedurally barred because he failed to file a petition for writ of certiorari with the Alabama Supreme Court seeking review of the Alabama Court of Criminal Appeals' decision affirming the denial of his Rule 32 petition (where the claim was presented) and any attempt by Johnson to return to state court to exhaust the claim would be barred under state procedural rules.[2] *Doc. No. 7* at 5-6. Even if the claim is not barred, the respondents argue that the state courts still properly denied the claim on the merits. *Id.* at 6-8.

The court finds it is unnecessary to address the issue of the procedural bar here, because even assuming Johnson's claim is preserved, the Alabama Court of Criminal Appeals' decision denying the claim on the merits was based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings and was not contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2). Therefore, Johnson is not entitled to habeas relief.

## II. DISCUSSION

---

[2] In particular, the respondents assert that it is too late for Johnson to file a petition for certiorari review presenting the claim. In Alabama, the appellate review process includes an application for rehearing before the Alabama Court of Criminal Appeals and a petition for certiorari review by the Alabama Supreme Court. *See* Ala.R.App.P. 39(c)(1)-(2), 40(c). A petition for a writ of certiorari must be filed within 14 days of the decision of the Alabama Court of Criminal Appeals on the application for rehearing. Ala.R.App.P. 39(c)(2).

**A.   Standard of Review**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its

judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.  *Strickland* Standard for Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*.

at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation marks omitted).  The prejudice prong of *Strickland* does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

### Alabama Court of Criminal Appeals' Decision

Johnson asserts that the State failed to demonstrate the cocaine evidence was properly handled from seizure to final disposition, resulting in a missing link in the chain of custody that rendered the evidence inadmissible.  *See Doc. No. 1; Doc. 2* at 8-20.  Consequently, he claims, his trial counsel was ineffective for failing to object to the chain of custody.  *Id*.

Johnson presented this claim in his Rule 32 petition, then pursued it on appeal to the Alabama Court of Criminal Appeals after the trial court denied his Rule 32 petition.  The Alabama Court of Criminal Appeals held that the claim was properly denied.  In pertinent part, the appellate court stated:

> Johnson's petition sets out his version of what occurred at trial, however, Johnson misstates the testimony of the officers and laboratory personnel in several respects.
>
> We have read the record of the trial, and we note that in several places in his petition, Johnson ignores testimony which was given at trial which would not have advanced his claim.  For example, Johnson states in his petition that Officer Veasey testified that he only put the cocaine in evidence.
>
> > "Here, the first link is Veasey who only testified that he originally received the substances, then placed the substances 'in evidence.'  [R. 79]  No direct or circumstantial evidence shows whether Veasey sealed the substances in an evidence envelope, where the substances was stored, who received the substances into evidence, nor whether the substances were stored in a place and manner as to be secured – tamper resistant."

(C. 17.)

> However the transcript of the trial shows that Veasey testified to the following regarding his handling of the rock cocaine in Exhibit 1 and the powder cocaine in Exhibit 2:
>
> > "Q.  Now, with regards to State's Exhibits Number 1 and 2, what did you do with those items once you recovered them?
> >
> > "A.  I turned them in and put them into evidence.
> >
> > "Q.  Okay. And from the time that you recovered the items of evidence in State's Exhibits Number 1 and 2, from the time that you put, them in the evidence locker room, were they in your care, custody and control the whole time?

7

"A.  Yes, sir.

"Q.  And at the time that you put them in the evidence locker room, were they in the same or essentially the same condition as when you recovered them?

"A.  Yes, sir."

(T.R. 79.)

At trial Officer Garrett also testified regarding Exhibits 1 and 2:

"Q.  Where did you get those items of evidence from?

"A.  I received  the evidence from Opelika Police Department evidence room.

"Q.  And describe that.  Is it a secure, locked facility?

"A.  Yes, sir.  It [has] an alarm system and everything.

"Q.  And you received those items and took them to the lab.  Is that correct?

"A.  Yes, sir.

"Q.  And from the time that you recovered those items from your locked evidence room until the time that you got to the lab, were they in your care, custody and control the entire time?

"A.  Yes, sir.

"Q.  And were they in the same or substantially the same condition as when you received them?

"A.  Yes, sir."

(T.R. 103-04.)[3]

Thus, it is clear that Johnson misstated the facts in his petition and is also essentially arguing that the State should have placed Exhibits 1 and 2 into a container which was tamper resistant. In his brief on appeal, Johnson fails to cite any authority which requires a tamper-proof container to be used to transport evidence. In fact the transcript of Johnson's trial shows that a proper chain of custody was maintained. The law regarding a proper chain of custody is well settled.

> "With regard to Floyd's identification and chain-of-custody assertions, we note that the Alabama Supreme Court has established the following chain-of-custody analysis to be applied:
>
>> "'This opinion sets forth an analysis to be followed in deciding whether a proper chain of custody has been shown. We have held that the State must establish a chain of custody without breaks in order to lay a sufficient predicate for admission of evidence. *Ex parte Williams*, 548 So.2d 518, 520 (Ala. 1989). Proof of this unbroken chain of custody is required in order to establish sufficient identification of the item and continuity of possession, so as to assure the authenticity of the item. *Id*. In order to establish a proper chain, the State must show to a 'reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.' *McCray v. State*, 548 So.2d 573, 576 (Ala. Crim. App. 1988). Because the proponent of the item of demonstrative evidence has the

---

[3] Although not referred to in the Alabama Court of Criminal Appeals' opinion, forensic chemist Melissa Kelly Armstrong testified that she received Exhibits 1 and 2 from Officer Garrett for testing at the Alabama Department of Forensic Sciences' Auburn lab, put her initials on them, and placed them in the evidence room at the lab, before retrieving them for analysis. *See Resp'ts Ex. B* at 121-23. Armstrong testified that Exhibits 1 and 2 were in her custody and control from the time she received them from Officer Garrett until she tested them. *Id*. at 122-23.

burden of showing this reasonable probability, we require that the proof be shown on the record with regard to the various elements discussed below.

"'The chain of custody is composed of "links." A "link" is anyone who handled the item.  The State must identify each link from the time the item was seized.   In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item:  "(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition."  Imwinklereid, *The Identification of Original, Real Evidence*, 61 Mil.L.Rev. 145, 159 (1973).

"'If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a "missing" link, and the item is inadmissible.  If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the "link," as to one or more criteria or as to one or more links, the result is a "weak" link.  When the link is "weak," a question of credibility and weight is presented, not one of admissibility.'

"*Ex parte Holton*, 590 So.2d 918, 919-20 (Ala. 1991).  Further, '"[a]rticles or objects which relate to or tend to elucidate or explain issues or form a part of the transaction in question are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time of the occurrence."'   C. Gamble, *McElroy's Alabama Evidence*, § 319.02 (4th ed. 1991).  *Davis v. State*, 647 So.2d 52, 55 (Ala. Crim. App. 1994)."

*Floyd v. State*, [Ms. CR-05-0935, September 28, 2007] So.3d (Ala. Crim. App. 2007).

A consideration of the record of Johnson's trial establishes that the testimony of the officers and laboratory personnel was sufficient to establish a proper chain of custody. At most, the infirmities Johnson complains of were mere weak links in the chain of custody.

Because the State did lay a proper chain of custody at Johnson's trial, counsel would not have been able to successfully challenge the chain of custody.

Counsel would not be ineffective for failing to assert a meritless or baseless claim. *See Patrick v. State*, 680 So.2d 959, 963 (Ala. Crim. App. 1996); *Hope* v. State, 521 So.2d 1383, 1386 (Ala. Crim. App. 1988); *Bearden v. State*, 825 So.2d 868 (Ala. Crim. App. 2001).

"When reviewing claims of ineffective assistance of counsel, we apply the standard adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance of counsel a petitioner must show: ( 1) that counsel's performance was deficient; and (2) that the petitioner was prejudiced by the deficient performance.

"'Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle v. Isaac*, 456 U.S. 107, 133-34 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the

> difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Michel v. Louisiana*, [350 U.S. 91] at 101 [(1955)]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'

"*Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052.

"....

"When reviewing a trial court's ruling on a postconviction petition, this court must determine whether the trial court abused it discretion. *Jones v. State*, 724 So.2d 75 (Ala. Cr. App. 1998); *Elliott v. State*, 601 So.2d 1118 (Ala. Cr. App. 1992) .... Moreover, this Court must affirm a trial court's denial of a postconviction petition if the ruling is correct for any reason. *Roberts v. State*, 516 So.2d 936 (Ala. Cr. App. 1987); *Jenkins v. State*, 516 So.2d 935 (Ala. Cr. App. 1987) ."

*Brown v. State*, 807 So.2d 1, 4 (Ala. Crim. App. 1999).

"....

Because the petitioner's claims were without merit, summary disposition was appropriate.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

*Resp'ts Ex. F* at 2-9 (footnote not in original).

The Alabama Court of Criminal Appeals applied *Strickland* – which sets forth the

clearly established federal law for claims of ineffective assistance of counsel – in rejecting Johnson's ineffective-assistance claim.  The state-court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), nor did it involve an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  The record reflects that the State presented evidence, either direct or circumstantial, showing each link in the handling of the drug evidence from its seizure to its analysis and establishing its safeguarding between receipt and disposition. *See Ex parte Holton*, 590 So.2d 918, 919-20 (Ala. 1991).  The testimony of the police officers and laboratory personnel (*see* footnote 3 above) was sufficient to demonstrate that the drug evidence was in substantially the same condition when it was tested as at the time it was seized.  *See McCray v. State*, 548 So.2d 573, 576 (Ala. Crim. App. 1988).  Therefore, there was no basis for a chain-of-custody objection by Johnson's trial counsel.  Counsel is not ineffective for failing to assert a meritless objection.  *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

For the reasons stated, Johnson is not entitled to habeas relief on his claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Johnson be DENIED and that this case be DISMISSED with prejudice.  It is further

ORDERED that on or before **June 30, 2015,** the parties shall file objections to the

said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE